LEE W. ASHE v. AKERS MOTOR LINES, INC., AND DUNCAN E. MACKENZIE, TRUSTEE

No. 7527SC39

(Filed 7 May 1975)

**Pensions— date of resignation — determination of retirement benefits**

The eligibility date for computing plaintiff's benefits under a noncontributory profit sharing trust for defendant's employees was 31 December 1973, the date plaintiff submitted letters of resignation to defendant and on which date the resignation was made effective, since the terms of the trust provided that an employee would be deemed participating for the purposes of determining his retirement benefits ". . . only through the eligibility date next preceding or coincident with his date of withdrawal."

APPEAL by plaintiff from Hasty, Judge. Judgment entered 30 December 1974 in Superior Court, GASTON County. Heard in the Court of Appeals 13 March 1975.

Basil L. Whitener and Anne M. Lamm for the plaintiff.

Hollowell, Stott & Hollowell by L. B. Hollowell, Jr., for the defendants.

CLARK, Judge.

The plaintiff, for 23 years prior to 31 December 1973, was an employee of Akers Motor Lines, Inc., (hereinafter Akers). Akers in prior years had set up the Akers Motor Lines, Inc., Retirement Trust which is a noncontributory profit sharing trust for its employees. Under the terms thereof and because of his retirement from Akers, plaintiff became entitled to receive benefits thereunder.

On 31 December 1973, plaintiff submitted two letters of resignation to Akers, one to his supervisor and the other to the

trustee in charge of the Retirement Trust. Both letters were dated 31 December and specifically referred to his resignation as "effective" that date.

Retirement benefits under the plan are determined pursuant to the terms of the trust agreement which provide that the amount of employees' benefits are to be determined on the "eligibility date" of each year, a term defined as " . . . December 31, 1952 and each succeeding anniversary thereof." For any one participating employee in the plan who withdraws voluntarily, the terms of the trust provide that he will be *deemed* participating for purposes of determining his retirement benefits " . . . only through the eligibility date *next preceding* or *coincident with* his date of withdrawal." (Emphasis added.)

The trustees of the Retirement Trust ruled that the eligibility date for computing his benefits under the trust was 31 December 1973, and that his share amounted to the sum of $9,683.48. The plaintiff instituted this action alleging that the applicable eligibility date was 31 December 1972, and that his share amounted to the sum of $14,178.00. The judgment of the trial court upheld the ruling of the trustees, and plaintiff appealed.

Presumably, the value of the trust securities had decreased during the year of 1973 because of depressed market conditions. Plaintiff elected to date and present his letters of withdrawal on 31 December 1973, and it is obvious he must be "deemed participating for purposes of determining his retirement benefits" on the date of 31 December 1973, which is "coincident with his date of withdrawal." Plaintiff does not contend that his withdrawal on that date was involuntary or that he was in any way misled by his employers or the trustees of the Retirement Fund.

Affirmed.

Judges PARKER and HEDRICK concur.